IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MELISSA JOHNSON,                                    CV 07-1098-MA

            Plaintiff,                          OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

        **RORY LINERUD**
        PO BOX 1105
        Salem, OR  97308

            Attorney for Plaintiff

        **KARIN J. IMMERGUT**
        United States Attorney
        **BRITANNIA I. HOBBS**
        Assistant United States Attorney
        1000 S.W. Third Avenue, Suite 600
        Portland, OR  97204-2902

        **STEPHANIE R. MARTZ**
        Special Assistant United States Attorney
        Social Security Administration
        701 5th Avenue, Suite 2900 M/S 901
        Seattle, WA  98104-7075

            Attorneys for Defendant


**MARSH, Judge:**


1- OPINION AND ORDER

The matter before the Court is plaintiff, Melissa Johnson's, Social Security Complaint, seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act).  42 U.S.C. §§ 1381-83f. For the reasons that follow, the Commissioner's decision is REMANDED for immediate payment of benefits.

## BACKGROUND

Johnson applied for disability on October 30, 2002, alleging she became disabled September 1, 1986, when she was 23 months old[1], due to bilateral hearing loss and borderline intellectual functioning.  She later adjusted her alleged onset date to October 30, 2002, because SSI benefits are not payable before the application date.

Her application was denied initially and upon reconsideration, and again following a hearing before an Administrative Law Judge (ALJ).  After the Appeals Council declined to review the ALJ's December 15, 2004 decision, Johnson sought judicial review in this Court.  On May 12, 2006, the Honorable Michael R. Hogan remanded the matter to the Commissioner for further proceedings.  Following a second hearing, on May 21, 2007 an ALJ again denied Johnson's application, finding that she was not disabled within the meaning

---

[1] Johnson was born September 18, 1984.

2- OPINION AND ORDER

of the Act.  This became the Commissioner's final decision, of which Johnson now seeks review.

At the time of the ALJ's May 21, 2007 decision Johnson was 22 years old, and was working 20 hours per week, in four hour shifts, stocking shelves at Target.  This is the only job she has ever held.  She attended school through the ninth grade, during which time she had an Individual Education Plan to accommodate her hearing impairment.  Records from the last school she attended show Johnson tested at the sixth grade level for reading comprehension, the third grade level for basic reading skills, and the fifth grade level for writing skills.

According to Johnson she dropped out of school during the ninth grade, ran away from home to live with a man 10 years her elder, and began using illicit drugs.  She became pregnant by this man and on August 11, 2002 she gave birth to a son, Shawn, with a birth defect called Pierre Robin Sequence, which causes respiratory and feeding problems that can be fatal if untreated. The Oregon Department of Human Services (DHS) took custody of Shawn when he was 10 months old after discovering Johnson and Shawn's father (who reportedly has an extensive criminal history, including sexual abuse of children) were using methamphetamine and neglecting Shawn.

Pursuant to DHS's conditions for regaining custody of Shawn, Johnson severed ties with Shawn's father and attended a five-

month residential rehabilitation program from January to June 2004, where she was diagnosed with Cannabis, Amphetamine and Nicotine dependence.  According to Johnson, she last used illegal drugs on October 7, 2003.  It appears another one of DHS's conditions for Johnson to regain custody of Shawn was for Johnson to seek employment, which is why she began working part-time after applying for SSI.  Johnson succeeded in regaining custody of Shawn in November 2004.

At the time of the ALJ's May 21, 2007 decision Johnson still had custody of Shawn, and also lived with her boyfriend and their one-year old son.  She testified that she works from 4am to 8am, and that her boyfriend takes the children to childcare before going to work himself.  The rest of the day Johnson lays around the house, and sometimes cooks and does some housework.

Johnson testified that she would not be able to work at her current job full-time because she needs nearly constant supervision and she does not believe any employer would provide that eight-hours per day.  According to Johnson, her current supervisor provides constant supervision during Johnson's four-hour shifts and often shouts so Johnson can hear her.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability.  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To meet this burden, a claimant must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found that although Johnson had worked since her alleged onset of disability, she did not earn enough money to meet the definition of substantial gainful activity. *See* 20 C.F.R. § 416.920(b).

At step two the ALJ found that Johnson suffered from the following "severe" impairments: bilateral hearing loss, borderline intellectual functioning, attention deficit disorder, and a history of drug and alcohol dependence. *See* 20 C.F.R. §§ 416.904, 416.920(c).

At step three the ALJ found that Johnson's impairments did not meet or equal the requirements of a listed impairment, codified at 20 C.F.R. Part 404, Subpart P, Appendix 1, considered so severe as to automatically constitute a disability. *See* 20 C.F.R. § 416.920(a)(4)(iii).

The ALJ determined that Johnson had the residual functional capacity (RFC) to perform medium exertion work activity (which

6- OPINION AND ORDER

requires lifting 50 pounds occasionally and 25 pounds frequently), with the following limitations: the need to avoid working in noisy or hazardous environments, such as around machinery or at heights; no more than simple, one-two-three step tasks; and, only occasional interaction with co-workers and the public. *See* 20 C.F.R. §§ 416.920(e), 416.945, 416.967.

At step four the ALJ found that Johnson had no past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv).

At step five the ALJ found that considering Johnson's age, education, work experience and RFC, there are a significant number of jobs in the national economy that Johnson could perform, such as material handler, janitor, and hand packager. *See* 20 C.F.R. §§ 416.920(a)(40(v), 416.920(g). Accordingly, the ALJ found that Johnson was not disabled during the period under review.

**DISCUSSION**

On appeal to this Court, Johnson alleges the ALJ erred by: (1) improperly discrediting her testimony; (2) improperly rejecting the medical opinion of Kimberly Wheeler, Ph.D.; (3) failing to provide legally sufficient reasons to reject lay witness testimony; (4) thereby wrongly omitting many of Johnson's work-related limitations from her RFC; (5) failing to pose a complete hypothetical question to the vocational expert; and, (6)

7- OPINION AND ORDER

erroneously adopting vocational expert testimony that Johnson can perform jobs that directly conflict with her work-related limitations.

Even assuming, *arguendo*, that the ALJ's assessment of Johnson's RFC is not flawed, still, the jobs the VE testified that a hypothetical claimant with Johnson's age, education, work history and RFC could perform directly conflict with the RFC assessment as it stands.  Therefore, I concur with Johnson that the ALJ's determination that she is not disabled is not based on substantial evidence.

At step five of the sequential evaluation, the Commissioner must show that the claimant can do other work that actually exists in the national economy.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden either by applying the guidelines at 20 C.F.R. § 404, Subpt. P, App. 2, or by eliciting the testimony of a VE with a hypothetical question that sets forth all the limitations of the claimant.  *Id*.  If a claimant has functional limitations or work restrictions which prevent her from performing the full range of work at a given exertional level, like Johnson, the guidelines cannot be used at step five to determine whether she is disabled.  Instead, the ALJ must elicit testimony from a VE to determine whether jobs exist in the national economy that the claimant can

8- OPINION AND ORDER

perform despite her limitations and restrictions.  *Tacket v. Apfel*, 180 F.3d 1094, 1103-04 (9th Cir. 1999).

The VE relies on the Department of Labor publication Dictionary of Occupational Titles (DOT) including its companion publication, Selected Characteristics of Occupations (SCO), for information about the requirements of work.  20 C.F.R. Part 404, Subpart P, Appendix 2 § 200.00(b); DICTIONARY OF OCCUPATIONAL TITLES, U.S. DEP'T OF LABOR, OFFICE OF ADMINISTRATIVE LAW JUDGES (4th ed. 1991); *see also* SSR 00-4p.  These references classify occupations by exertional level, as defined in 20 C.F.R. § 416.967, and by skill level, as defined in 20 C.F.R. § 416.968. If the VE's testimony conflicts with the DOT's statement about the requirements of a given job, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE.  *See* SSR 00-4p.

The Commissioner himself concedes that the VE's testimony that a hypothetical worker with Johnson's age, education, work history and RFC could perform the job of "Material Handler" (DOT Code 929.687-030) was in conflict with the DOT.  The DOT classifies this job as a semi-skilled job with a "heavy" exertional level, whereas the ALJ assessed Johnson with the RFC to perform only simple work at a "medium" exertional level. Notwithstanding his concession, the Commissioner asserts that

9- OPINION AND ORDER

Johnson is currently performing this type of job at Target.  The
VE did testify that Johnson's current job would be classified as
"Material Handler," but the VE's testimony about this
classification conflicted with the DOT, as the VE stated that the
job was unskilled and medium exertion level.  So clearly, this
finding was also in error.

According to the Commissioner the other two jobs identified
by the VE are not inconsistent with Johnson's RFC.  I disagree.

The janitor job, entitled "Cleaner, Industrial" (DOT Code:
381.687-018), though classified as unskilled and medium
exertional level, involves operating a variety of undoubtedly
noisy machinery, even though the noise classification is
"moderate."  The DOT description lists machines a janitor would
be expected to use, such as vacuum cleaners, incinerators, lawn
mowers, industrial trucks, production machinery, and other
engines.  The VE's testimony that someone with Johnson's hearing
impairment could still do this job notwithstanding the attendant
danger posed by machinery generally, and especially loud
machinery, conflicts with the DOT's description and with common
sense.  Therefore, I find the ALJ's adoption of this testimony
was not reasonable and was not based on substantial evidence.
Thus, the janitor job cannot be used as an example of other work
Johnson can perform.

10- OPINION AND ORDER

The hand packager job, entitled "Packager, Hand" (DOT Code: 920.587-018) is classified as unskilled with a medium exertional level, but the noise classification is "loud."  This alone conflicts with the ALJ's finding that Johnson must avoid noisy environments.  The Commissioner pedantically argues that a "loud" noise classification does not necessarily mean that the job is performed in a "noisy" environment.  I reject this argument, and find the ALJ's adoption of the VE's testimony that someone with this restriction could still perform the job of packager is not based on substantial evidence and cannot be used as an example of work Johnson can perform to meet the ALJ's burden at step five of the sequential evaluation.

Since Johnson does not have any past relevant work upon which to base a step four determination of disability, if I were to remand this case once again it would still necessarily involve a step five determination.  In other words, the only purpose served by a remand would be to grant the Commissioner a third opportunity to meet his burden of proving Johnson is not disabled.  The Commissioner has had six years and two full opportunities to do so, and even accepting his resolution of the evidence and rejecting all of Johnson's objections, still he has not met this burden.  Accordingly, I find that no useful purpose would be served by further administrative proceedings in this

case, and I exercise my discretion, pursuant to *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985), to remand for an immediate calculation and payment of benefits to Johnson.

<u>**CONCLUSION**</u>

Based on the foregoing, the Commissioner's decision is REVERED and this case is REMANDED for immediate payment of benefits.

IT IS SO ORDERED.

DATED this _4_ day of February, 2008.

_/s/  Malcolm F. Marsh_
Malcolm F. Marsh
United States District Judge

12- OPINION AND ORDER