IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA JOHNSON,                                         CV 07-1098-MA

        Plaintiff,                                    OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

    **RORY LINERUD**
    PO BOX 1105
    Salem, OR  97308

        Attorney for Plaintiff

    **KARIN J. IMMERGUT**
    United States Attorney
    **BRITANNIA I. HOBBS**
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204-2902

    **STEPHANIE R. MARTZ**
    Special Assistant United States Attorney
    Social Security Administration
    701 5th Avenue, Suite 2900 M/S 901
    Seattle, WA  98104-7075

        Attorneys for Defendant

**MARSH, Judge:**

1- OPINION AND ORDER

The matter before the Court is Defendant's Motion to Alter or Amend Judgment (#13) pursuant to Federal Rule of Civil Procedure (Rule) 59(e). The Commissioner seeks an order, altering my Order and Opinion entered on February 6, 2008 (#11) in which I reversed the Commissioner's decision, and remanded for an immediate award of benefits to Plaintiff, Melissa Johnson. The Commissioner asks this Court to enter a new order affirming the decision of the Administrative Law Judge (ALJ) who denied Plaintiff's application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act). 42 U.S.C. §§ 1381-83f. For the reasons that follow, Defendant's motion is DENIED.

This Court may amend or alter a judgment under Federal Rule of Civil Procedure (Rule) 59(e). A Rule 59(e) motion is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)(holding that failure to file then-existing documents in original motion does not qualify as "newly discovered evidence" under Rule 59(e)); *see also Zamani v. Carnes*, 491 F. 3d 990, 997 (9th Cir. 2007)(finding district court did not commit clear error in

2- OPINION AND ORDER

failing to consider an argument raised in a reply brief in a Rule 59(e) motion).

The Commissioner alleges that I committed clear error by misstating the law, as set forth in August 2003 Social Security Administration Rules that state that the burden of persuasion remains at all times on the claimant.  60 Fed. Reg. 51153, 51155[1] (Aug. 26, 2003).  Specifically, the Commissioner points to portions of this paragraph of my February 6, 2008 Order and Opinion:

> Since Johnson does not have any past relevant work upon which to base a step four determination of disability, if I were to remand this case once again it would still necessarily involve a step five determination.  In other words, the only purpose served by a remand would be to grant the Commissioner a third opportunity to meet his burden of proving Johnson is not disabled.  The Commissioner has had six years and two full opportunities to do so, and even accepting his resolution of the evidence and rejecting all of Johnson's objections, still he has not met this burden.  Accordingly, I find that no useful purpose would be served by further administrative proceedings in this case, and I exercise my discretion, pursuant to *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985), to remand for an immediate calculation of payment of benefits to Johnson.

According to the Commissioner, in the above analysis I clearly erred "by allocating the burden of persuasion to the Commissioner" at step five, when in fact only the burden of production shifts to the Commissioner at step five.  The

---

[1] Explaining that "the only burden shift that occurs at step 5 is that we are required to prove that there is other work that you can do, given your RFC, age, education, and work experience.  That shift does not place on us the burden of proving RFC."

3- OPINION AND ORDER

Commissioner is incorrect. I clearly stated that the Commissioner should not be given a third opportunity to meet his burden of "proving Johnson is not disabled," not of persuading the Court that she is not disabled. Moreover, at the outset of my analysis I stated:

> Even assuming, *arguendo*, that the ALJ's assessment of Johnson's RFC is not flawed, still, the jobs the VE testified that a hypothetical claimant with Johnson's age, education, work history and RFC could perform directly conflict with the RFC assessment as it stands. Therefore, I concur with Johnson that the ALJ's determination that she is not disabled is not based on substantial evidence.

In other words, I found that even if I were to give the Commissioner every benefit of the doubt with respect to his burden of production, still, the record does not support the ALJ's finding that Johnson was not disabled, so no purpose would be served by remanding for further administrative proceedings. If I was unclear about how I arrived at these findings, let me be clear now. I find substantial evidence in the record supports Johnson's argument that she is disabled.

The Commissioner himself seems to confuse the difference between the discrete burdens of production and persuasion, contending that "The fact that there is a conflict between the DOT and the expert's testimony does not establish that Plaintiff met her burden of *proving* that she was disabled." I assume the Commissioner intended to argue that the conflicting expert testimony does not establish that Johnson met her burden of

4- OPINION AND ORDER

*persuading* the Court that she is disabled, notwithstanding this conflict.

Other than arguing that Johnson failed to meet her burden, the Commissioner has not offered any reason why he should be given a third opportunity to meet his burden.  *See e.g. Maher v. Bowen*, 648 F. Supp. 1199, 1203 (S.D. N.Y., Nov. 5, 1986)(remanding for immediate calculation of benefits, stating "Remands in cases such as this one are worse than purposeless. They are expensive.").  The Commissioner asserts that remand for further administrative proceedings is required as a matter of law because Johnson has not met her burden of persuasion.  In support of this contention the Commissioner makes a self-repudiating argument about a fact Johnson was very candid about – that she worked approximately 20 hours a week as a material handler at Target at the time of the hearing in 2006.  According to the Commissioner, this now "shows that Plaintiff is not disabled." Yet, in his May 21, 2007 opinion the ALJ found that this work did not constitute substantial gainful activity at step one of the sequential evaluation.  He even omitted from his assessment of Johnson's RFC evidence from Johnson's supervisor at Target that she required constant supervision and redirection to perform that work.  If credited, this limitation would likely preclude the performance of all other work existing in substantial numbers in the national economy.

5- OPINION AND ORDER

Finally, the Commissioner contends that the authority I cited to support the exercise of my discretion "does not support this Court's decision."  Again, the Commissioner is mistaken.  I stated that I exercised my authority to remand for an immediate calculation and payment of benefits to Johnson based on *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985).  While the facts of this case differ somewhat from *Stone*, it supports the exercise of my discretion to deny the Commissioner another bite at the apple if I find, as I did, that no purpose would be served by further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Alter or Amend Judgment (#13) is DENIED.

IT IS SO ORDERED.

DATED this 22_ day of April, 2008.

　　　　　　　　　　　　　　　　　　/s/   Malcolm F. Marsh
　　　　　　　　　　　　　　　　　Malcolm F. Marsh
　　　　　　　　　　　　　　　　　United States District Judge